Chancellor Thompson,
dissenting. — John Freer, by his will bearing date 30th Nov. 1781, gave to his wife a residence on his plantation on John’s island, with liberty to plant thereon in common with,his children. In case of her death he directed the same to be sold, and the monies arising from the sale, he bequeathed to his daughters. Re died in Nov. 1787, and Charles Freer his son qualified as his executor. The testator, at the time of his death, was possessed of two tracts of land on John’s island, one of planting land and another of pine barrens, at the distance of three miles apart. His residence was on his arable land, which was supplied with timber from the pine barren tract. Charles Freer never possessed the pine barren tract in his life-time; he died in 1808, leaving several children, one of whom married John H. Wilson. The widow of John Freer died in 1817, ,and the complainant and other devisees *64 applied to the court of equity for a partition of the plantation whereon he resided in his life-time. Upon a reference to tho commissioner, he recommended a sale of the premises, which was accordingly ordered; the land was advertised for sale, and in the advertisement in the hand writing of complainant himself, it was specified that the tract contained 540 acres of cleared land; it was purchased in by him at the price of $ 12,500, and conveyed by him to Edward Whaley. This conveyance includes the planting landssonly, described by metes and bounds, and by a re-survey is found to contain only 393 acres, leaving ;i deficiency of 147 acres. Whaley instituted his action at law upon the covenant of warranty and obtained a verdict, and this suit is brought to enjoin the proceedings and for other relief.
On the trial in the circuit court, a great deal of testimony was introduced to prove that Mrs. Freer and Charles Freer* considered the two tracts as included in one, which the counsel for defendant contended was inadmissible, and I think correctly. Where a fact done, in its nature is equivocal, parol evidence may be given to shew the purpose for which it was done; as in the delivery of the possession of lands, parol evidence inay be given to shew that it was- delivered in the character of a purchaser. Rut the case of a contract of purchase is very different, because in a purchase the precise terms of the contract arc essential to it, and therefore it would be improper to say that the party should be at liberty to enter into parol evidence of the terms of the agreement.
But admitting parol evidence was admissible to prove that Mrs. Freer and Charles Freer regarded the two tracts as one plantation, it was perfectly immaterial, the case arising solely under the will and the deed. It is contended by the counsel for the defendant, that inasmuch as the pine land is useful to the planting land in supptying timber, and had been applied to that purpose by Mrs. F. eer, that it passed under the devise of the plantation. Now I take it that the word “ plantation,*’ although not a technical term, has a-definite meaning, Comprehensible and understood by every person of commotj *65 understanding. It means lands used for cultivation, as contra-distinguished from pine land, and a devise of the one will no more pass the other, than a devise of arable land will pass pasture. The law requires that every devise should be specific, this is sufficiently so. As far as this case affects the defendant, Whaley, the will of John Freer has nothing to do with it; his claim is derived from the deed of Robertson to him, which explicitly describes the planting lands by metes and bounds, and he is estopped from averring any thing to the contrary. The decree of the court of equity, the advertisement, the conveyance, all speak of it as one isolated tract. Moreover, Whaley states in his answer,that the tract contained 540 acres, as stated in the public advertisement, and that he knew nothing of the pine tract being necessary to make up the difference; and it would be monstrous to allow complainant to take advantage of his own wrong, by a substitution of worthless pine barrens, in the place of valuable planting lands. It would be in vain to search for a precedent for this case, but I fear it will form one for a thousand others, and inundate this court with litigation. Every person who possesses two or more tracts of land and devises one, must express in his will that he does not mean another.
For the reasons above set forth, l am of opinion that the decree of the circuit court was erroneous